**Stip affects confirmed plan**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maria Gonzalez <br>     Debtor <br><br> MIDFIRST BANK <br>     Movant <br> vs. <br><br> Maria Gonzalez <br>     Debtor <br> Gerardo Gonzalez <br>     Co-Debtor <br><br> William C. Miller Esq. <br>     Trustee | CHAPTER 13 <br><br> NO. 18-12417 ELF <br><br> 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$3,372.40,** which breaks down as follows:

Advanced Property Insurance (January 2019): $2,341.40
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Advances:    $3,372.40**

2. The Debtor(s) shall cure said advances in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the advances of **$3,372.40;**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the advances of **$3,372.40;**

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

    d)    On or before October 22, 2019, Debtor shall provide proof of all necessary property insurance to Movant that provides coverage for the period beginning November 22, 2019.

    e)    Maintenance of property taxes and property insurance thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 12, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6-14-19

Zachary Perlick, Esquire
Attorney for Debtors

Date: 6/17/19

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank